1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY PAUL LUCERO,                       No.  2:24-cv-00268-DAD-CKD (HC)

12                Plaintiff,

13        v.                                     ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS AND DISMISSING
14   THE PEOPLE OF THE STATE OF                  HABEAS PETITION
     CALIFORNIA,
15                                               (Doc. No. 4)
                 Defendant.
16

17

18        Petitioner Timothy Paul Lucero is a county jail inmate proceeding *pro se* with a petition

19   for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United

20   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On October 8, 2024, the assigned magistrate judge issued findings and recommendations

22   recommending that this federal habeas action be dismissed, without prejudice, because petitioner

23   failed to respond to the court's August 27, 2024 order (Doc. No. 3) directing him to submit,

24   within thirty days, either an affidavit in support of his request to proceed *in forma pauperis* or the

25   appropriate filing fee ($5.00).  (Doc. No. 4 at 1–2.)  Those findings and recommendations were

26   served on petitioner and contained notice that any objections thereto were to be filed within

27   /////

28   /////

1

fourteen (14) days from the date of service.[1]  (*Id.*)  To date, no objections have been filed and the time in which to do so has long since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.  Accordingly, the court will dismiss this action, without prejudice, due to petitioner's failure to file an *in forma pauperis* affidavit or pay the required fee to proceed with this action.

Additionally, the court declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, reasonable jurists would not find the court's decision to dismiss the petition to be debatable or conclude that the petition should proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1.    The findings and recommendations issued on October 8, 2024 (Doc. No. 4) are ADOPTED in full;

/////

/////

---

[1]  The service copy of the magistrate judge's findings and recommendations dated October 8, 2024, mailed to petitioner at his address of record, was returned to the court marked as "Undeliverable."  Thus, petitioner was required to file a notice of his change of address with the court no later than December 30, 2024.  To date, petitioner has not filed a notice of his change of address or otherwise communicated with the court.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

2.    The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED, without prejudice, due to petitioner's failure to comply with the court's order directing him to file an *in forma pauperis* affidavit or pay the required filing fee;

3.    The court declines to issue a certificate of appealability; and

4.    The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 1, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE